UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RYAN ALLEN SCHACKE, #7191982 )
)
v. ) NO. 2:08-CV-257
)
GREENE COUNTY DETENTION CTR. )
and STEVE BURNS, Sheriff )

## **MEMORANDUM OPINION**

Proceeding *pro se*, Ryan Allen Schacke, an inmate in the Carter County Detention Center, has filed this civil rights action for damages under 42 U.S.C. § 1983, based on an event which occurred at the correctional facility where he was formerly housed. Defendants are the Greene County Detention Center [GCDC] and Greene County Sheriff Steve Burns.

Plaintiff has also submitted an application to proceed *in forma pauperis* and an affidavit in support. The latter document reflects that plaintiff lacks sufficient financial resources to submit the entire filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the

six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.  28 U.S.C. § 1915(b)(2).  All payments should be sent to:  <u>Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.</u>

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined, to ensure compliance with the fee assessment and collection procedures outlined above.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607.  If so, this suit must be dismissed.

In his pleading, plaintiff asserts that, on August 27, 2008, the correctional officer working in the tower at the GCDC called "lock down" for the inmate population over the intercom.  As plaintiff and his cell mates were entering their cell to comply with the order, the door began to close and, before plaintiff could clear the doorway, slammed shut on his right testicle.  Plaintiff's cell mates started rattling the bars to get the officers' attention and, about fifteen minutes later, an officer came to the pod, saw plaintiff's injury (by this time, his testicle had tripled in size), informed plaintiff that he could do nothing for him, and advised him to fill out a medical request to see the nurse.

2

Fortunately for plaintiff, the next shift of officers had reported for duty and, ten minutes later, those officers arrived in plaintiff's pod to conduct a head count of the prisoners. After seeing plaintiff's injury, they immediately took him to see the nurse, who sent him to the emergency room at the hospital. Ultimately, his right testicle was removed. Plaintiff seeks compensation for the pain and suffering he endured as a result of this incident.

There are several problems with the complaint which call for its dismissal.

First, in order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). Here, the lead defendant—the Greene County Detention Center—is a building and not a "person" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (jail is not a suable entity).

The second problem is that plaintiff does not identify the officer who allegedly closed the cell door on his genitalia, nor explain what part, if any, defendant sheriff played in the incident. If, by naming Sheriff Burns as a defendant, plaintiff is seeking to impose supervisory liability on this official, his theory is unworkable in this particular lawsuit because § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Absent some showing that defendant sheriff authorized, approved, or knowingly acquiesced in the alleged

3

conduct of his employees, plaintiff has failed to state a § 1983 claim against him. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984); *Hays*, 668 F.2d at 874. The complaint contains no allegations whatsoever against defendant sheriff, let along any allegations which establish the showing plaintiff must make.

The final problem concerns another theory on which plaintiff clearly is relying, that of negligence. Regrettably for plaintiff, it is well recognized that allegations of mere negligence will not entitle him to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). Since the gravamen of plaintiff's complaint is that some unidentified officer was negligent in failing to ensure that plaintiff had passed over the threshold and out of danger before triggering the cell door to close, plaintiff fails to state a claim for a constitutional deprivation.

Pursuant to the Prison Litigation Reform Act courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore*, 114 F.3d at 612; *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Therefore, based on the above reasoning, this action will be **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. Moreover, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and

would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  And lastly, since the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may have raised, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), and they are **DISMISSED** without prejudice.  28 U. S. C. § 1367(c)(3).

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE